IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

SCOTT BOEHM and DAVID STLUKA,

                              Plaintiffs,

      v.

SCHEELS ALL SPORTS, INC., SCOTT SVEHLA,
SCOTT'S BREWERY COLLECTIBLES,
NICHOLAS MARTIN, SPORTS-4-LESS; LUKE WEIN,
BEYOND STUDIO + PUBLISHING, LLC,
JOHN DOE 1, SCOOTER G SPORTS,
MICHAEL LOVELACE, 22 PROMOTIONS, LLC,
SIGNATURE SPORTS, ANDREW WREDBERG,
AW ARTWORKS, LLC, JESSE WINIECKI,
AMANDA MCVEIGH, JOHN GEORGE,
GAMEDAY SPORTS, ANGELA CLEARY,
EVENT USA CORP., BRIAN BOPREY,
NANCY BOPREY, JOHN DOE 2,
WAUKESHA SPORTSCARDS, and ROBB DOBRATZ,

                              Defendants.

ORDER

15-cv-379-jdp

_____

      The court heard argument on plaintiffs' motion for preliminary injunction on Friday, August 21, 2015. I determined at the hearing to grant the requested injunction, but I did not have a proposed order at the hearing. Attached to this order is the court's proposed order for injunction, which at this point will bind only those defendants that had been served prior to the hearing.

      Defendants' objections to the issuance of an injunction are already of record and need not be repeated. But the parties may submit objections to the form of the injunction order by Thursday, August 20, 2015. Objections not received by that deadline will be deemed waived.

      Entered August 17, 2015.

                                                  BY THE COURT:
                                                  /s/
                                                  _____
                                                  JAMES D. PETERSON
                                                  District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                     Plaintiffs,

    v.

SCHEELS ALL SPORTS, INC., SCOTT SVEHLA,
SCOTT'S BREWERY COLLECTIBLES,
NICHOLAS MARTIN, SPORTS-4-LESS, LUKE WEIN,
BEYOND STUDIO + PUBLISHING, LLC,
JOHN DOE 1, SCOOTER G SPORTS,
MICHAEL LOVELACE, 22 PROMOTIONS, LLC,
SIGNATURE SPORTS, ANDREW WREDBERG,
AW ARTWORKS, LLC, JESSE WINIECKI,
AMANDA MCVEIGH, JOHN GEORGE,
GAMEDAY SPORTS, ANGELA CLEARY,
EVENT USA CORP., BRIAN BOPREY,
NANCY BOPREY, JOHN DOE 2,
WAUKESHA SPORTSCARDS, and ROBB DOBRATZ,

                     Defendants.

ORDER FOR
PRELIMINARY
INJUNCTION

15-cv-379-jdp

---

Plaintiffs, both professional photographers, allege that defendants have infringed their copyrights by making or selling unauthorized reproductions of their photographs. Plaintiffs brought similar claims to this court in *Boehm v. Zimprich*, Case No. 14-cv-16. Plaintiffs have moved for a preliminary injunction against further acts of infringement by these defendants and to preserve evidence. On the basis of the parties' submissions and the presentation of counsel at the August 14 hearing, the court will grant the injunction.

But the court can grant the injunction only against those defendants who are properly before the court: Scott Vehla, Scott's Brewery Collectibles, Nicholas Martin, Luke Wein, Beyond Studio + Publishing, LLC, Andrew Wredberg, AW Artworks, LLC, Jesse Winiecki,

Amanda McVeigh, Gameday Sports, Angela Cleary, Event USA Corp., Brian Boprey, and Nancy Boprey. These parties will be referred to in this order as "Enjoined Defendants." The other defendants have not been served, despite the court's order directing service on all defendants by July 1, 2015. Dkt. 8.

Whether to grant a preliminary injunction is within the discretion of the court, guided by consideration of the familiar factors. A plaintiff must show: some likelihood of success on the merits; a lack of an adequate remedy at law; and that irreparable injury would result without an injunction. *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). If these criteria are met, the court must consider the balance of the hardships and the public interest. *Id*.

Plaintiffs establish some likelihood of success as to each enjoined defendant. Plaintiffs divide the defendants into two groups, the "retail defendants" and the "supplier defendants." Plaintiffs demonstrate a compelling case on the merits as to the retail defendants: claims against the retail defendants are well documented in the amended complaint. Dkt. 63. By and large, the retail defendants do not contest infringement, although some dispute the need for the injunction, and the court expects all of them will vigorously contest damages. Plaintiff's showing as to the supplier defendants is much weaker. Defendants Wein, Winiecki, and McVeigh deny that they committed any infringement, or at least any infringement within the limitations period. But plaintiff has adduced evidence that raises substantial doubts about Winiecki's and McVeigh's denials, and plaintiffs adduce circumstantial evidence that raises at least a reasonable suspicion of infringement as to the supplier defendants. Accordingly, the court finds that plaintiff has made a sufficient showing on the merits even as to the supply defendants.

Plaintiffs also show that there is no adequate remedy at law, and that they face irreparable harm, because of the potential loss of evidence and the potential for continued, but undetectable, infringement without an injunction. Some of the retail defendants contend that they have voluntarily ceased infringing sales. Voluntary cessation of wrongful conduct is a factor that the court can consider, but it is not dispositive. *United Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 563 F.3d 257, 275 (7th Cir. 2009). Plaintiffs' experiences in the *Zimprich* case vividly demonstrates that professed voluntary cessation provides scant protection against a resistant defendant. The court intends no insult to the integrity of any defendant or their counsel, but plaintiffs would have no way to detect the loss of evidence or to redress the harm that would result from that loss.

The balance of harms decisively favors plaintiffs. None of the defendants contend that any harm that would befall them as a result of an injunction.[1] Most professed that they did not intend to make or sell any infringing images in the first place, and that they stopped any such sales as soon as they learned about the allegations of infringement. Plaintiffs, however, would face serious harm if any defendants made more infringing copies, sold off their inventories, or disposed of their records.

Finally, the public interest poses no barrier to the injunction. The public interest is served by enforcement of intellectual property law. A preliminary order of impoundment of infringing articles and related records is a remedy specifically recognized under the Copyright Act. 17 U.S.C. § 503(a)(1).

---

[1] Counsel for Winiecki and McVeigh suggested that an injunction would raise some "presumption" against them, but it does not: even after the injunction, the burden stays on plaintiffs to prove their claims against all the defendants. And if plaintiffs fail to sustain their burden, Winiecki and McVeigh will be prevailing parties who may be entitled to attorney fees.

Accordingly, a preliminary injunction is ordered as follows:

ORDER FOR PRELIMINARY INJUNCTION

The Enjoined Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, are, for the pendency of this action, hereby enjoined from:

1. Creating, displaying, selling, or distributing any reproduction in any medium (including any print, poster, canvas, or any other product) of any photograph by Scott Boehm or David Stluka;

2. Destroying or otherwise disposing of any reproduction in any medium of any photograph by Scott Boehm or David Stluka;

3. Destroying or otherwise disposing of any record, communication, or document relating to the acquisition, sale, inventory, or storage of any reproduction of any photograph by Scott Boehm or David Stluka.

Those bound by this order are further ordered to:

1. Collect and segregate in some safe place all reproductions in any medium of any photograph by Scott Boehm or David Stluka in that party's possession. The collection and segregation provided for in this order must be completed within five days of the enjoined party's receipt of notice of this order.

2. File with the court a report of all reproductions collected and segregated by that party within 48 hours of completion of the collection and segregation by that party.

3. Collect and preserve any record, communication, or document relating to the acquisition, sale, inventory, or storage of any reproduction of any photograph by Scott Boehm or David Stluka.

4. Inform every employee in every location of the terms of this order.

Entered August ___, 2015.

                                            BY THE COURT:

                                            _____

                                            JAMES D. PETERSON
                                            District Judge