IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT BOEHM and DAVID STLUKA,

Plaintiffs,

v.

SCHEELS ALL SPORTS, INC.,
NICHOLAS MARTIN,
SPORTS-4-LESS, LUKE WEIN,
BEYOND STUDIO + PUBLISHING, LLC,
JOHN DOE 1, SCOOTER G SPORTS,
MICHAEL LOVELACE, 22 PROMOTIONS, LLC,
GERALD MILLER, ANDREW WREDBERG,
AW ARTWORKS, LLC, JESSE WINIECKI,
AMANDA MCVEIGH, JOHN GEORGE,
GAMEDAY SPORTS, ANGELA CLEARY,
EVENT USA CORP., BRIAN BOPREY,                    OPINION & ORDER
NANCY BOPREY, DAVID THOMASON,
WAUKESHA SPORTSCARDS,
ROBB DOBRATZ, and MICHAEL CLEARY,                 15-cv-379-jdp

Defendants,

STATE FARM FIRE AND CASUALTY COMPANY,

Intervenor,

SCOTT'S BREWERY COLLECTIBLES and
SCOTT SVEHLA,

Third-Party Plaintiffs,

v.

WEST BEND MUTUAL INSURANCE COMPANY,

Third-Party Defendant.

Before the court is a set of sharp-toned motions in which plaintiffs accuse some

defendants of violating the court's injunction order, and a similarly-toned motion from

defendant Event USA Corp. accusing plaintiffs of discovery abuse. Before I turn to the merits, I want to make it very clear that the motions before me fall short of the standards of professionalism and courtesy that I expect.

Counsel in this court must meet the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, which all attorneys must pledge to follow as a condition of admission to practice in this court. Counsel for plaintiffs and for defendant Event USA must review these standards and certify to me that they will scrupulously follow these standards from this point on. I will not require other counsel to make this certification, but given the rocky path we have been treading, all would be well advised to review these standards.

The court will grant plaintiffs' motions, but only in part, and it will deny Event USA's motion. Plaintiffs' motion for an extension of time to respond to Event USA's motion is denied as moot.

## A. Event USA's discovery motion

The court will deny Event USA's discovery motion. Dkt. 237. Before making such a motion, the movant must certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Seventh Circuit Standard No. 11 requires litigants to "make good faith efforts to resolve by agreement [their] objections to matters contained in pleadings and discovery requests and objections." Counsel's obligation to try to resolve discovery disputes by agreement is not satisfied by an email demand that discovery requests be withdrawn or that additional

2

disclosures be made, which draws only a point-blank refusal. *See* Dkt. 238-2 and Dkt. 238-4. From now on in this case, counsel must confer by live, voice-to-voice communication in a sincere and diligent effort to resolve their disputes before filing any discovery motion, and any motion must so certify. Good faith does not require that negotiations drag on; court assistance should be sought promptly when sincere efforts fail. This applies to everybody in this case.

Event USA's motion is denied, but its gripe has not fallen on completely deaf ears. Some of plaintiffs' discovery requests are grotesquely overbroad. This is not a class action on behalf of all sports photographers; discovery must be focused on alleged infringement of plaintiffs' work. Financial information concerning non-photography lines of business is likewise beyond the scope of reasonably proportional discovery under Rule 26. The limitations period should also provide a means of circumscribing relevant discovery.

The court is less sympathetic to Event USA's complaint about plaintiffs' failure to offer a damages calculation. Defendants can get plaintiffs' actual loss information (such as their licensing rates) through their own discovery requests. But plaintiffs' losses will not drive their damages. Plaintiffs will be going after defendants' ill-gotten profits, or, more likely, an award of statutory damages based on how pernicious defendants' conduct has been. The evidence that plaintiffs will use to calculate their damages will have to come from defendants, so demanding plaintiffs' preliminary damages calculations at this point seems like a make-work exercise. But discovery should move promptly, and then plaintiffs will be expected to put a number on it.

The court will leave it to counsel for plaintiffs and Event USA to work out their discovery differences. If actual good faith attempts to resolve the issues fail, the court will then be ready to entertain a motion.

## B.  Event USA's motion to amend pleadings

Event USA has moved to amend its pleadings to add a crossclaim against defendant David Thomason and to file a third-party complaint against Dan Zimprich and Legends of the Field, LLC. Dkt. 235. The motion will be granted with respect to the crossclaim against Thomason, who is already a party to this case. But the motion will be denied with respect to the third-party complaint. The progress of this case has not been smooth, and adding additional parties risks disrupting the schedule.

## C.  Plaintiffs' motion for sanctions

Plaintiffs have moved to sanction defendants Angela Cleary, Michael Cleary, Gameday Sports, and Nicholas Martin for violating the preliminary injunction at Dkt. 107, and for making misrepresentations to the court, Dkt. 103 and Dkt. 124. The court held a hearing on November 9, 2015, to consider the motions, Dkt. 193, and the parties engaged in ample briefing.[1] Plaintiffs later moved to sanction Event USA for similar conduct. Dkt. 209. The court will refer to the defendants at issue in plaintiffs' motions as the "Sanctioned Defendants."

The Sanctioned Defendants initially opposed the injunction as unnecessary and represented to the court—through counsel and by declarations made under penalty of perjury—that they were voluntarily complying with plaintiffs' demands. Dkt. 36 (Angela

---

[1] Martin has moved to file an additional sur-reply. Dkt. 234. The court will grant the motion.

Cleary; Gameday Sports); Dkt. 37 (Michael Cleary); Dkt. 39 (Event USA); Dkt. 40 (Dennis Garrity, owner of Event USA); Dkt. 42 (Martin; Signature Sports; Sports-4-Less); Dkt. 43 (Martin). Some went so far as to represent to the court, after the injunction was in place, that they had reviewed their inventories, segregated any covered photographs, and fully complied with the injunction. Dkt. 120 (status report through counsel by Martin) and Dkt. 132 (status report through counsel by Event USA).

The statements of compliance by the Sanctioned Defendants turned out to be false. Plaintiffs caught each Sanctioned Defendant with photographs covered by the injunction since the injunction issued. Plaintiffs found four covered photographs in the Clearys' Gameday Sports store. Dkt. 104 and Dkt. 105. They found two additional covered photographs being offered by Martin online. Dkt. 125 and Dkt. 127. And they found three additional covered photographs in the Event USA offices. Dkt. 210.

The Sanctioned Defendants all admit to violating the injunction, but they claim that their violations were minor and merely negligent, not willful or reckless. The Clearys claim to have attempted to comply with the injunction, and they simply overlooked some images because they have a lot of inventory. Dkt. 121; Dkt. 122; Dkt. 207. Martin maintains that he just overlooked one photograph in his possession, and that he inadvertently reposted an infringing image to promote an online sale of a non-infringing image. Dkt. 145 and Dkt. 147. Counsel for Event USA represented to the court that Event USA had "examined its entire inventory" and that is had no copies of plaintiffs' photographs. Dkt. 132. The court will assume that counsel was merely reporting what he had been told, but the statement was false. Event USA had only searched the items it

considered to be actively for sale, and it did not search its storage room. Dkt. 227 and Dkt. 228. Plaintiffs found covered images when they inspected Event USA's office. And after plaintiffs moved for sanctions, Event USA commissioned a third-party search, which found still more covered photographs in its inventory: two electronic images and four prints. Dkt. 227 and Dkt. 231. Plaintiffs' distrust of these defendants turns out to have been warranted all along, and counsel for these defendants all have egg on their faces.

Plaintiffs asked for both civil and criminal sanctions for contempt. They requested that the court impose monetary fines, shift their attorney fees, expand the terms of the injunction, and enter directed verdicts or judgments of willfulness. Most of these proposed sanctions are criminal in character: they aim to punish and deter, and they offer no opportunity to avoid or purge the sanctions. *See F.T.C. v. Trudeau*, 579 F.3d 754, 769 (7th Cir. 2009); *In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002) ("A contempt order is considered . . . criminal if its purpose is to punish the contemnor, vindicate the court's authority, or deter future misconduct."). Defendant Martin's supplemental brief, Dkt. 212, shows why criminal sanctions are not appropriate here. Plaintiffs have not shown beyond a reasonable doubt that the Sanctioned Defendants' violation of the injunction was willful. *See In re Betts*, 927 F.2d 983, 986 (7th Cir. 1991). Each Sanctioned Defendant offered an explanation for their actions that was inconsistent with a knowing, deliberate violation of the injunction, and plaintiffs left these explanations unrebutted. The conduct of the Sanctioned Defendants was appallingly sloppy, and it suggests that they had not taken this case seriously before plaintiffs filed

the motions for sanctions. But they did not willfully and deliberately violate the injunction.

That leaves civil contempt sanctions, the aim of which is to coerce compliance and to remediate any non-compliance. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). To warrant civil contempt sanctions, plaintiffs must show by clear and convincing evidence that: (1) the injunction set forth an unambiguous command; (2) defendants violated that command; (3) defendants' violations were significant; and (4) defendants failed to take steps to reasonably and diligently comply with the injunction. *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008). Because the record demonstrates that the Clearys, Gameday Sports, Martin, and Event USA have each significantly violated the plain terms of the injunction by failing to diligently review their inventories and segregate infringing items, the court will impose sanctions for civil contempt.

Plaintiffs propose no coercive sanction, and none appears necessary. The Sanctioned Defendants appear to have been chastened by plaintiffs' motions and they all appear now to be in compliance. As for remedial sanctions, plaintiffs propose only an award of attorney fees, leaving any other sanctions to the discretion of the court. *See, e.g.*, Dkt. 209. Plaintiffs contend that the Sanctioned Defendants' violations of the injunction have resulted in the loss of evidence, but this is mere speculation. Plaintiffs have not shown how any sanction beyond attorney fees would remediate any harm suffered by plaintiffs. The court will not, at this point, deem any defendant to be a willful infringer or

to have disposed of evidence. These are questions that will be taken up later, if liability is established, when the court considers damages and other remedies.

For now, the Sanctioned Defendants will be ordered to pay a portion of plaintiffs' reasonable actual attorney fees incurred in bringing the contempt motions. The Sanctioned Defendants will be considered to be in three groups, and each group will pay one-third of the fee award. To recover any of their fees, plaintiffs must adhere to the court's guidance regarding fee requests. *See* Dkt. 203, at 5-6, 42. Failure to follow the court's instructions will result in rejection or significant reduction of the fee award.

Plaintiffs should not assume that the court will award the full amount of their fees. The court will be prepared to reduce the fees in light of inefficiencies, redundancies, or unnecessary or excessive submissions. The parties are encouraged to reach agreement as to the fees award, which would spare the parties and the court the effort and expense of litigating the amount.

## ORDER

IT IS ORDERED THAT:

1. Defendant Event USA Corp.'s motion to compel discovery, Dkt. 237, is DENIED.

2. Plaintiffs Scott Boehm and David Stluka's motion for an extension of time to respond to Event USA's motion to compel, Dkt. 239, is DENIED as moot.

3. Counsel for plaintiffs and counsel for Event USA must certify to the court by December 18, 2015, that they have reviewed the Standards for Professional Conduct within the Seventh Federal Judicial Circuit and that they will scrupulously follow them going forward.

4. Event USA's motion to amend its pleadings, Dkt. 235, is GRANTED in part and DENIED in part, as described above. Event USA may file as a new docket entry an amended pleading including a crossclaim against defendant David Thomason.

5. Nicholas Martin's motion to file a sur-reply, Dkt. 234, is GRANTED.

6. Plaintiffs' motion for sanctions against defendants Angela Cleary, Michael Cleary, and Gameday Sports, Dkt. 103, is GRANTED in part, as provided in this order.

7. Plaintiffs' motion for sanctions against defendant Nicholas Martin, Dkt. 124, is GRANTED in part, as provided in this order.

8. Plaintiffs' motion for sanctions against Event USA Corp., Dkt. 209, is GRANTED in part, as provided in this order.

9. Plaintiffs must file documentation supporting the attorney fees that they incurred in bringing these three sanctions motions by January 4, 2016. Any opposition or response to the amount of fees is due by January 11, 2016.

Entered December 11, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge