IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                      Plaintiffs,

  v.

SCHEELS ALL SPORTS, INC. *et al.*,

                      Defendants.

ORDER

15-cv-379-jdp

---

      Plaintiffs Scott Boehm and David Stluka have again moved to compel discovery from Event USA, which stands accused of infringing plaintiffs' copyrights. Dkt. 321. Plaintiffs' earlier motion to compel, which arose from a site inspection, resulted in a court order allowing them access to discovery about the use of images that they reasonably believed were theirs, regardless of whether those images were included in Exhibit 1 to the injunction. Dkt. 319. But the court denied plaintiffs' request for discovery relating to alleged infringements of the works of others, reasoning that it was outside the scope of this case and would "be wasteful and unduly burdensome" on defendants. *Id.* Plaintiffs now ask the court to reconsider that order. The court will deny the motion for the most part, although it will offer some clarification about effect of the statute of limitations on the scope of permissible discovery.

      Plaintiffs' main argument is that they are entitled to discovery relating to Event USA's reproduction of photographs other than their own because those reproductions are probably unauthorized, and thus they would demonstrate a pattern of infringement relevant to willfulness and the amount of statutory damages. The court is not persuaded that discovery of reproductions of the photographs of others is warranted for several reasons.

First, the relevance of such evidence is at best marginal. Obviously, plaintiffs cannot recover damages for infringement of works that they do not own. So, infringement of the work of others is irrelevant to any liability issue. It would be relevant, if at all, to show willfulness and the defendant's level of culpability, which could be a consideration in setting the amount of statutory damages. Willfulness requires a showing that the infringer knew that its conduct infringed or that it acted in reckless disregard of plaintiffs' rights. *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). The cases cited by plaintiffs are mostly music cases in which the defendants had rebuffed previous attempts by music performance rights agencies to get the defendants to take a license. *See, e.g., Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227 (7th Cir. 1991). In those cases, the defendant's history of refusing to take a license is relevant to willfulness because it shows that the defendants knew that the works were protected by copyright and that public performance of those works required a license. What mattered in those cases is that the defendants had repeatedly been warned that their acts constituted infringement. What matters for willfulness is *knowledge* that one's acts constitute infringement, or reckless disregard of whether it does so. The court is aware of no case that holds that a history of infringing acts by itself shows willfulness.

Second, plaintiffs do not need evidence of past infringement of the work of others to show willfulness. As the court has already indicated, no defendant in the sports memorabilia business can credibly contend that it did not know that plaintiffs' photographs were protected by copyright. If defendants are willful infringers, their use of plaintiffs' photographs will be sufficient to show it. And if defendants are willful infringers, the award of statutory damages will be appropriately punitive.

Third, in light of its limited relevance, the discovery plaintiffs seek is out of proportion to the needs of this case. Under Federal Rule of Civil Procedure 26(b)(1), the court must consider whether the discovery sought is "proportional to the needs of the case." The court concludes that discovery into works that the plaintiffs do not own and into the financial aspects of lines of business not directly at issue in this case exceeds the needs of this case. The court gets it: plaintiffs think defendants are all rotten to the core and deserve to be punished, and an award of statutory copyright damages is the mechanism through which the court can dole out punishment. But allowing unfettered discovery into products and lines of business not at issue in this case would allow the burdens of discovery to unnecessarily drive up the cost of this case. Plaintiffs—and the court—will have plenty to work with respect to plaintiffs own photographs in setting an appropriate amount of statutory damages.

Plaintiffs make a good point about the copyright statute of limitations that warrants some clarification of the court's earlier statements concerning whether the statute of limitations might circumscribe the scope of discovery. Claims of copyright infringement are subject to the discovery rule, *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir.2004), so the three-year statute of limitations for copyright infringement does not provide a rigid limit for proper discovery requests. Accordingly, plaintiffs may seek discovery for any use of their own photographs, even if that use occurred more than three years before the filing of the complaint in this case. Claims based on older uses might turn out to be time-barred, but discovery of the older uses is allowed.

ORDER

Plaintiffs' motion to compel discovery and for reconsideration of the February 23, 2016, order, Dkt. 321, is DENIED in part and GRANTED in part as provided above.

Entered April 15, 2016.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge