IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                Plaintiffs,

  v.

SCHEELS ALL SPORTS, INC., et al.,

                Defendants.

OPINION & ORDER

15-cv-379-jdp

---

      This case is one of several in which plaintiffs, sports photographers Scott Boehm and David Stluka, allege copyright infringement and related claims against numerous defendants, who are mostly sports memorabilia dealers who sell reproductions of sports photographs. The motion for sanctions before the court comes in the aftermath of a discovery dispute. Plaintiffs served a third party subpoena on nonparties Dan and Ciara Zimprich asking them to produce any copies of photographs that they received or copied from defendants Amanda McVeigh or Jesse Winiecki. The Zimpriches denied having any of these photographs. Plaintiffs doubted the veracity of the Zimpriches' response and eventually obtained an order to compel from the court. Six months after receiving plaintiffs' subpoena, the Zimpriches finally produced the photographs at issue.

      Plaintiffs had moved for sanctions against the Zimpriches and attorney Michael Crooks[1] in their motion to compel. Dkt. 423. The court stayed their request pending the outcome of subsequent discovery. Plaintiffs have now renewed their motion and request that the court require the Zimpriches and Crooks to jointly pay all attorney fees and costs

---

[1] Crooks represents the Zimpriches in a related case, *Boehm v. Legends of the Field, LLC*, No. 15-cv-683 (W.D. Wis. filed Oct. 23, 2015).

associated with plaintiffs' counsel's efforts to obtain these photographs from the Zimpriches. Dkt. 538. The court will grant plaintiffs' motion as to the Zimpriches.

BACKGROUND

Plaintiffs allege that the Zimpriches received copies of plaintiffs' photographs from Amanda McVeigh and Jesse Winiecki, among other defendants. Plaintiffs issued a third-party subpoena to the Zimpriches requesting copies of any digital copies of photographs that the Zimpriches received or copied from McVeigh or Winiecki. The Zimpriches responded to this subpoena through Crooks. In their response, the Zimpriches denied possessing any photographs from McVeigh or Winiecki. The Zimpriches' response was signed by Crooks "as a facilitator for the responses." Dkt. 425-3, at 6.

Defendants McVeigh and Winiecki sent a separate subpoena to the Zimpriches requesting the same photographs. Again, Crooks signed a response to the McVeigh/Winiecki subpoena denying possessing any photographs from McVeigh or Winiecki.

Plaintiffs told Crooks that they questioned the veracity of the Zimpriches' subpoena response and urged the Zimpriches to search more thoroughly for the photographs. The Zimpriches continued to assert that they did not have any of the requested photographs. Crooks eventually told plaintiffs that although he had been facilitating the Zimpriches' response to this subpoena, he did not represent the Zimpriches in this matter and instructed plaintiffs to follow up with the Zimpriches directly.

Plaintiffs moved to compel the Zimpriches to comply with the subpoena. The court granted plaintiffs' motion and stayed plaintiffs' request for sanctions pending the outcome of subsequent discovery. Dkt. 426.

A week later, plaintiffs deposed Ciara Zimprich. For the first time, Ciara Zimprich claimed to remember that she did possess digital copies of photographs from McVeigh or Winiecki. When questioned about her statement to the contrary in response to the McVeigh/Winiecki subpoena, Ciara Zimprich testified that Crooks responded to the McVeigh/Winiecki subpoena without seeking verification of the responses from the Zimpriches. She did not recall seeing the McVeigh/Winiecki subpoena, nor did she know how Crooks responded to it.

The next month, the Zimpriches gave plaintiffs a thumb drive containing over 100 photographs downloaded by Winiecki, including seven photographs to which plaintiffs own copyright. Plaintiffs then renewed their motion for sanctions.

ANALYSIS

The "only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena" is Rule 45(g). *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983). The court will interpret plaintiffs' motion as one brought pursuant to Rule 45(g).

Rule 45(g) permits the court to "hold in contempt a person who, after having been served, fails without adequate excuse to obey the subpoena or an order related to it." Rule 45 suggests "at a minimum that contempt motions for noncompliance with a discovery subpoena should be entertained with special attention to the procedural and substantive rights of the nonparty witness." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010). To obtain an award of sanctions, plaintiffs must establish by clear and convincing evidence that the Zimpriches did not substantially comply with the unambiguous command of a court

3

order and that they "failed to make a reasonable and diligent effort to comply." *Id.* at 692 (citing *Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008)).

Here, the Zimpriches failed to produce the requested photographs for six months despite a subpoena and court order compelling them to do so. The Zimpriches claim to have forgotten about these photographs until the deposition, despite plaintiffs' repeated requests for them in this case and others. The court finds that they did not make a reasonable and diligent effort to comply with the court orders. The court will hold the Zimpriches in contempt for their failure to obey court orders and order them to pay as sanctions all attorney fees and costs associated with plaintiffs' counsel's efforts to obtain the photographs at issue, including: (1) following up on the Zimpriches' subpoena response; (2) conferring with Crooks and the Zimpriches; (3) filing a motion to compel; (4) conducting the deposition of Ciara Zimprich; and (5) filing a renewed motion for sanctions.

Plaintiffs ask that Crooks be jointly required to pay these sanctions. Crooks does not represent the Zimpriches in this action and the court concludes that he was not responsible for their lack of compliance with the subpoena, so the court will not award sanctions against him. However, the court understands plaintiffs' uncertainty about Crooks' role in these events. Crooks' decision to represent the Zimpriches in one case while purporting merely to "facilitate" their pro se responses to a subpoena in another matter created confusion about his role and his duty to provide truthful discovery responses. The court trusts that in the future Crooks will draw and respect clearer boundaries concerning his representation of the Zimpriches.

ORDER

IT IS ORDERED that:

1. Plaintiffs' renewed motion for sanctions, Dkt. 538, is GRANTED in part as explained in the above opinion.

Entered October 20, 2016.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge