IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                              Plaintiffs,

    v.                                                                      OPINION & ORDER

SCHEELS ALL SPORTS, INC., et al.,                                      15-cv-379-jdp

                              Defendants.

---

Plaintiffs, sports photographers Scott Boehm and David Stluka, allege copyright infringement and related claims against numerous defendants, who are mostly sports memorabilia dealers who sell reproductions of sports photographs. The motions before the court arise out of a drawn-out discovery dispute between plaintiffs and defendant David Thomason. Plaintiffs move under Federal Rule of Civil Procedure 37 to compel Thomason to produce discovery and to permit a neutral third party e-discovery expert to inspect all of his electronic records and systems for discovery. Dkt. 517. Plaintiffs also move for an order holding Thomason in contempt for violating the preliminary injunction. Dkt. 518.

Thomason has been proceeding pro se since August 3, 2016. *See* Dkt. 503. Thomason filed a late response to plaintiffs' motions, in which he contests a number of plaintiffs' allegations but does not oppose the substance of plaintiffs' motions. Dkt. 614. The court will grant plaintiffs' motion to compel because plaintiffs request relevant documents, Thomason has demonstrated an inability to fully respond to plaintiffs' discovery requests in the past, and Thomason does not oppose the motion. The court will also grant plaintiffs' motion for an order of contempt because Thomason failed to fully comply with the court's preliminary injunction, and again, Thomason does not oppose the motion. The court will not award the

most severe sanctions plaintiffs request, but will allow plaintiffs to recover the reasonable attorney fees and costs associated with bringing their motion for an order of contempt.

**A.  Motion to permit a third-party inspection of electronic records and systems**

Thomason did not comply with the court's preliminary injunction and appears not to have produced all materials responsive to plaintiffs' discovery requests. Plaintiffs are understandably upset and move to compel Thomason to permit a neutral third party e-discovery expert to inspect all electronic records and systems in Thomason's possession, custody, or control, including email and business accounts. The court concludes that inspection is warranted and will grant plaintiffs' motion.

Courts determining whether a search of electronically stored information is appropriate may consider a number of factors:

> (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues as stake in the litigation; and (7) the parties' resources.

Fed. R. Civ. P. 26(b)(2) advisory committee's note to 2006 amendments.

Several factors weigh in favor of granting plaintiffs' motion. First, Thomason has previously failed to produce relevant information in response to plaintiffs' request. After repeatedly telling plaintiffs and the court that he did not possess any copies in any form of the photographs at issue in this lawsuit, he produced digital copies of some of those photographs and admitted that he still has one print of a covered photograph in his inventory. Second, the documents plaintiffs seek are relevant to determining the extent of

2

Thomason's infringement. Third, plaintiffs have attempted but been unable to obtain the materials they request from other sources. Finally, Thomason does not oppose this motion. So the court will order Thomason to permit a neutral third party e-discovery expert to inspect all electronic records and systems in Thomason's possession, custody, or control, including email and business accounts, for materials responsive to plaintiffs' requests for production of documents. Plaintiffs must pay the costs associated with this inspection, but they may move to recover their costs as a sanction against Thomason if the inspection uncovers any discovery violations.

## B. Motion to compel production of documents

Plaintiffs move to compel Thomason to produce (1) "documents and evidence," including posted photographs, related to items Thomason sold through his websites and his eBay and Amazon accounts; and (2) "documents and communications exchanged with co-defendants [and nonparties] Dan and Ciara Zimprich." Dkt. 519, at 2. Plaintiffs allege they have not received all available materials from Thomason, despite having requested them more than 10 months ago. It is not clear what materials Thomason has that he has not yet produced, but the court will compel him to produce whatever he has. However, the court will narrow plaintiffs' first request and provide Thomason an opportunity to protect any privileged materials from production under the second request.

When deciding whether to grant a motion to compel discovery, the court must consider whether the requested discovery is relevant, "proportional to the needs of the case," and nonprivileged. Fed. R. Civ. P. 26(b)(1). Public policy favors disclosure of relevant materials. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

3

Plaintiffs' first request for materials related to items Thomason sold online is vague and overbroad. The court will narrow this request to all records, including posted photographs, of Thomason's online sales of sports photos. This narrowed request is relevant to the extent of Thomason's infringement. The court will assume the request is proportional because Thomason does not argue that disclosure would burden him. Thomason has not claimed that the documents are privileged. Therefore, the court will order Thomason to produce all records, including posted photographs, of Thomason's online sales of sports photos, including sales through Thomason's websites and eBay and Amazon accounts.

Plaintiffs' second request for communications exchanged with Thomason's co-defendants and the Zimpriches is relevant to the extent of Thomason's infringement. The court will assume the request is proportional because Thomason does not argue that disclosure would burden him. However, some of Thomason's communications with co-defendants may be privileged. According to plaintiffs, Thomason's counsel, before withdrawing, claimed that the request for communications involved privileged information, and co-defendant Event USA made the same claim. But neither Event USA, nor Thomason's counsel, nor Thomason himself ever provided a privilege log describing the nature of the documents being withheld and expressly making the claim of privilege, as is required by Rule 26(b)(5). Plaintiffs argue that any privilege thus has been waived. *See Ott v. City of Milwaukee*, No. 09-cv-870, 2010 WL 5095305, at *6-7 (E.D. Wis. Dec. 8, 2010). Because Thomason recently began representing himself and it is unclear when his counsel claimed that the communications were privileged, the court will not hold that Thomason has waived any privilege.

It is not yet clear what privileges Thomason asserts concerning his or his counsel's communications with various co-defendants, their counsel, and the Zimpriches and their counsel. So the court will order Thomason to submit to the court all documents and communications that (1) Thomason exchanged with his former counsel; (2) Thomason or his former counsel exchanged with counsel for co-defendants; (3) Thomason or his former counsel exchanged with counsel for the Zimpriches; and (4) Thomason exchanged with co-defendants and the Zimpriches that discuss legal strategy in this case. Thomason must submit these materials to the court within five days. The court will review in camera the potentially privileged documents that Thomason submits to the court, determine whether any of these documents and communications are privileged, and order Thomason to produce to plaintiffs those documents that are not privileged.

The court will also order Thomason to produce directly to plaintiffs all documents and communications that he exchanged with co-defendants and the Zimpriches that do not discuss legal strategy. Plaintiffs ask the court to award attorney fees and costs against Thomason. The court declines to assess fees and costs against Thomason at this time because it is not yet clear what evidence Thomason has wrongly withheld. Plaintiffs may renew their request after they review the proceeds of this order, if they believe fee-shifting is warranted.

## C. Motion for an order of contempt

Plaintiffs also move to hold Thomason in contempt for violating the preliminary injunction. Dkt. 107. Thomason agreed to be bound by the injunction, and the court so ordered. Dkt. 157 and Dkt. 160. In the injunction, the court ordered Thomason to review his inventory, segregate any reproduction in any medium of photographs covered by the

injunction (as identified by an exhibit to the injunction), and file with the court a report of all segregated reproductions. Dkt. 107.

Thomason filed a report indicating his compliance with the injunction, but that report turned out to be false. Dkt. 166. In the report, Thomason indicated that he possessed no reproductions of photographs covered by the court's injunction. *Id.* But when Thomason responded to plaintiffs' discovery requests by producing copies of items sold through his websites, four of them were covered photographs. Dkt. 521-14 and Dkt. 519, at 13. A month later, Thomason amended his compliance report to include one print reproduction of a covered photograph and stated that he disclosed through discovery other photographs of memorabilia that featured covered photographs. Dkt. 487. The court finds that Thomason violated the injunction.

Plaintiffs ask the court to (1) award attorney fees and costs associated with bringing their motion for an order of contempt against Thomason; (2) impose a monetary fine against Thomason; and (3) enter default judgment of liability against Thomason with respect to his infringement of certain photographs in which plaintiffs own copyright. As this court has previously explained, punitive or criminal sanctions are not appropriate because plaintiffs have not shown beyond a reasonable doubt that Thomason's violation of the injunction was willful. Dkt. 242, at 6.

To obtain an award of civil sanctions, plaintiffs must establish by clear and convincing evidence that Thomason did not substantially comply with the unambiguous command of a court order and that he "failed to make a reasonable and diligent effort to comply." *Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008). Because the record demonstrates that Thomason significantly violated the plain terms of the injunction by

failing to diligently review his inventory and electronic records, the court will impose sanctions for civil contempt. No coercive sanction is necessary, as Thomason appears now to be in compliance. The court will impose a remedial sanction and order Thomason to pay plaintiffs' reasonable actual attorney fees incurred in bringing this contempt motion. To recover any of their fees, plaintiffs must adhere to the court's guidance regarding fee requests. *See* Dkt. 203, at 5-6, 42. Failure to follow the court's instructions will result in rejection or significant reduction of the fee award. Plaintiffs should not assume that the court will award the full amount of their fees. The court will be prepared to reduce the fees in light of inefficiencies, redundancies, or unnecessary or excessive submissions.

The court would encourage plaintiffs to wait until they receive any additional materials in response to this order, and then submit a single request for fees. The parties are also encouraged to reach agreement as to the fees award, which would spare the parties and the court the effort and expense of litigating the amount.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to compel discovery, Dkt. 517, is GRANTED.

2. Thomason must produce all records, including posted photographs, of Thomason's online sales of sports photos, including sales through Thomason's websites and eBay and Amazon accounts.

3. Thomason must submit to the court for in camera review all documents and communications that (1) Thomason exchanged with his former counsel; (2) Thomason or his former counsel exchanged with counsel for co-defendants; (3) Thomason or his former counsel exchanged with counsel for the Zimpriches; and (4) Thomason exchanged with co-defendants and the Zimpriches that discuss legal strategy in this case. Thomason must submit these materials by November 7, 2016.

4. Thomason must produce to plaintiffs all documents and communications that he exchanged with co-defendants and the Zimpriches that do not discuss legal strategy in this case.

5. Plaintiffs' motion for an order of contempt, Dkt. 518, is GRANTED in part, as provided in this order.

Entered November 1, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

8