IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                    Plaintiffs,

  v.

SCHEELS ALL SPORTS, INC., *et al.*,

                    Defendants.

ORDER

15-cv-379-jdp

---

Plaintiffs Scott Boehm and David Stluka move the court to hold defendant Nicolas Martin in contempt for violating the court's order for preliminary injunction, Dkt. 107, and to order Martin to show cause as to why the court should not impose remedial and punitive sanctions. Dkt. 635. Martin concedes that he violated the preliminary injunction and that a finding of contempt is appropriate. The only issue for the court to resolve is the appropriate sanction.

In September 2015, the court issued an order for preliminary injunction enjoining defendants from "[c]reating, displaying, selling, or distributing" any of 343 photographs in which plaintiffs had registered their copyrights "in any medium." Dkt. 107, at 4. Martin admits that he copied Boehm's photograph of Soldier Field from another website and posted it as a full-screen background on a page of his website, in violation of the preliminary injunction. But he claims that this violation was simply a mistake. Martin was searching for an image of Soldier Field on Google. He filtered his search for images that were "labeled for reuse." He found an image of Soldier Field, clicked on it, and then clicked on the "view more" link to find a similar image of Soldier Field, which he then copied and posted as the background on a page of his website. He mistakenly believed that because he originally

filtered his search for images that were "labeled for reuse," the image he ended up using was available for use without the need to obtain permission. But he was wrong: the image was Boehm's photograph, which was not only not available for use without permission but was covered by the preliminary injunction. Plaintiffs contend Martin did not simply make a mistake but willfully violated the court's order for preliminary injunction, as this is the second time Martin has violated the preliminary injunction by using the same Soldier Field image. Plaintiffs ask the court to (1) award attorney fees and costs associated with bringing their motion against Martin; (2) impose a monetary fine against Martin; and (3) enter judgment of willful copyright infringement against Martin.

As this court has previously explained, punitive or criminal sanctions are not appropriate because plaintiffs have not shown beyond a reasonable doubt that Martin's violation of the injunction was willful. Dkt. 242, at 6. Although this is Martin's second violation of the injunction concerning the *same photo*, that fact alone does not prove beyond a reasonable doubt that he willfully and deliberately violated the injunction.

That leaves civil contempt sanctions, the aim of which is to coerce compliance and to remediate any non-compliance. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). Martin now appears to be in compliance with the injunction: he removed the offending image within 24 hours of plaintiffs' notification of the violation. *See* Dkt. 637-2, at 3. Plaintiffs argue that a coercive sanction is nonetheless necessary to deter future violations, given that this is Martin's second violation of the injunction and the fifth violation of the injunction by any defendant. But any sanction intended to deter future violations would not be coercive—it would be punitive: coercive sanctions allow the person sanctioned the opportunity to correct

2

their conduct and end the sanction, something Martin cannot do, because he has already corrected his conduct. No coercive sanctions is possible here.

As for remedial sanctions, plaintiffs propose only an award of attorney fees and costs, and they have not shown how any sanction beyond attorney fees would remediate any harm suffered by plaintiffs. The court will order Martin to pay plaintiffs' reasonable actual attorney fees incurred in bringing the contempt motion. To recover any of their fees, plaintiffs must adhere to the court's guidance regarding fee requests. *See* Dkt. 203, at 5-6, 42. Failure to follow the court's instructions will result in rejection or significant reduction of the fee award. Plaintiffs should not assume that the court will award the full amount of their fees. The court will be prepared to reduce the fees in light of inefficiencies, redundancies, or unnecessary or excessive submissions. The parties are encouraged to reach agreement as to the fees award, which would spare the parties and the court the effort and expense of litigating the amount.

Finally, the court will not enter judgment against Martin for willful copyright infringement of Boehm's Soldier Field image. There is no dispute that Martin infringed Boehm's copyright in this image, but whether he did so willfully is an open question. Plaintiffs can point to no evidence that Martin knew his conduct was an infringement or acted in reckless disregard of Boehm's right. *See Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020 (7th Cir. 1991) (abrogated on other grounds). Plaintiffs are not entitled to judgment that Martin willfully infringed this image, although his conduct will be an appropriate factor to consider if the court is asked to set damages.

ORDER

IT IS ORDERED that:

1. Plaintiffs Scott Boehm and David Stluka's motion for finding of contempt, Dkt. 635, is GRANTED in part, as provided in this order.

2. Plaintiffs must file documentation supporting the attorney fees that they incurred in bringing their contempt motion by November 22, 2016. Any opposition or response to the amount of fees is due by December 1, 2016.

Entered November 15, 2016.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge