IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                Plaintiffs,

v.

SCHEELS ALL SPORTS, INC., *et al.*,

                Defendants.

OPINION & ORDER

15-cv-379-jdp

---

Plaintiffs, sports photographers Scott Boehm and David Stluka, allege copyright infringement and related claims against numerous defendants, who are mostly sports memorabilia dealers who sell reproductions of sports photographs. Cross-motions for summary judgment were filed by plaintiffs and most defendants many months ago and these motions are, for the most part, fully briefed and under consideration. But due to numerous discovery motions, briefing on defendant Scheels All Sports, Inc.'s and defendant David Thomason's motions for summary judgment is still incomplete. Meanwhile, the January 23, 2017 trial date looms. The court will dispose of the remaining discovery motions, strike the trial date and pretrial deadlines, and conduct a telephonic scheduling conference to set a new trial date.

**A. Plaintiffs' motion to compel Scheels to produce communications**

Defendant Scheels All Sports, Inc., asserts as a defense that it obtained the sports memorabilia featuring plaintiffs' photos from three nonparties—Photo File, Inc., Fanatics, Inc., and John Paul of North Central Canvas Prints. Scheels contends that it believed these nonparties were authorized to reproduce and sell plaintiffs' photos. Now plaintiffs move to compel Scheels to produce all communications that Scheels and Scheels' counsel held with

these nonparties concerning this lawsuit. Dkt. 511. Plaintiffs also ask the court to deny or stay Scheels' pending motion for summary judgment, Dkt. 458, pursuant to Federal Rule of Civil Procedure 56(d) because Scheels has not yet produced these communications to plaintiffs. Dkt. 537. The court will grant plaintiffs' motion to compel in part because the requested discovery is relevant, proportional, and not shielded by the work-product doctrine. The court will not stay or deny Scheels' motion for summary judgment, but it will allow plaintiffs to file their response to the motion after receiving this additional discovery.

1. **Background**

In a series of emails spanning several months, plaintiffs requested from Scheels various emails, invoices, and other communications with John Paul of North Central Canvas Prints and Photo File. In response to these requests, Scheels provided Paul's contact information, 44 pages of email communications between Scheels and Paul, North Central Canvas Prints' invoices, an email from a Photo File employee, the vendor agreement between Scheels and Photo File, a redacted invoice issued by AP to Photo File for the Lambeau Field image, Photo File's invoices, and a contract between Scheels and Fanatics.

Unsatisfied with the documents Scheels provided, plaintiffs subpoenaed Paul and received some additional emails between Scheels and Paul, but not the attachments or some of the emails plaintiffs wanted. Plaintiffs also subpoenaed Photo File, seeking its invoices and communications with Scheels, but Photo File was unable to locate any of these records using the information plaintiffs were able to provide it at the time. Finally, plaintiffs asked Scheels for all of its "communications with Photo File, Fanatics, or Paul related to this lawsuit" on August 10, 2016. Dkt. 663-7, at 3. Scheels objected, arguing that any unproduced communications are protected by the work-product doctrine. The next day, plaintiffs moved

2

the court to compel Scheels to produce these documents. Dkt. 511. Scheels produced privilege logs listing 37 emails exchanged with Fanatics, 22 emails exchanged with North Central Canvas Prints, and 7 emails exchanged with Photo File, which Scheels claims are protected work product. Dkts. 627-29.

**2. Analysis**

When deciding whether to grant a motion to compel discovery, the court must consider whether the requested discovery is relevant, "proportional to the needs of the case," and nonprivileged. Fed. R. Civ. P. 26(b)(1). Public policy favors disclosure of relevant materials. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Scheels does not dispute that the requested discovery is relevant and proportional. But Scheels contends that it is nevertheless protected from disclosure because plaintiffs' emailed request for these communications was not a formal request under Federal Rule of Civil Procedure 34 and the requested materials are protected by the work-product doctrine. The court concludes that (1) Scheels waived its objection to the informal form of plaintiffs' request, and (2) the requested discovery, subject to one exception, is not shielded by the work-product doctrine. The court will grant plaintiffs' motion to compel discovery.

The informal form of plaintiffs' discovery request is highly disfavored. Rule 26(g) requires that every discovery request be "signed by at least one attorney of record in the attorney's own name," and a party has no obligation to respond to an unsigned discovery request. And any request for production must specify the time, place, and manner of production. Fed. R. Civ. P. 34(b). The informal email requests from plaintiffs' counsel do not meet these requirements, which are not mere technicalities. Each proper discovery request entails an implicit representation by the counsel who makes it, and each imposes a duty of

response by a deadline on the person who receives it. The formality of the process ensures that parties and their counsel know what they are obligated to do, and by when. The mishmash of requests in plaintiffs' email—part request for production, part interrogatory, part negotiation—risks great confusion as to what Scheels was obligated to do.

That being said, Scheels responded to plaintiffs' requests and engaged in negotiation over the discovery dispute, so plaintiffs reasonably understood that Scheels was accepting the emails as actual discovery requests. If Scheels had objections to the informality of the requests, it should have voiced those concerns immediately and insisted on formal requests. But it did not, so the court deems Scheels' objection to the form of the requests to be waived.

In any case, plaintiffs' informal discovery requests adequately meet the "reasonable particularity" and "reasonable notice" requirements of Rule 34: Plaintiffs requested "your client's or your firm's communications with Photo File, Fanatics, or Paul related to this lawsuit." Dkt. 663-7, at 3. This request is reasonably particular and provides sufficient information to allow Scheels to identify responsive documents. Although plaintiffs' counsel did not propose a time, place, and manner for providing these requested communications to plaintiffs, the context of the request (an email) leads the court to find that plaintiffs' counsel asked Scheels' counsel to email the requested communications to him within 30 days. To reiterate: informal discovery requests are highly disfavored, but given that Scheels did not promptly object to the informality, the court will let it go.

Turning now to the privilege question, most of the requested communications are not protected by the work-product doctrine. The work-product doctrine protects "documents and tangible things prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Plaintiffs concede that Scheels' counsel's

communications with these three nonparties fall within the work-product doctrine (except as it applies to attachments to the Paul emails, as discussed below). But plaintiffs contend that the work-product doctrine does not protect the communications from discovery because (1) Scheels waived any privilege by voluntarily disclosing select communications with these nonparty witnesses to plaintiffs, and (2) regardless of waiver, plaintiffs are entitled to discovery of these communications under the necessity doctrine.[1]

The work-product doctrine and its limitations are grounded in fairness. When both parties are on equal footing regarding the underlying facts of the dispute, the work-product doctrine protects attorneys' "thought processes and mental impressions against disclosure" and limits attorneys' piggybacking "on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2009). But when, as here, the pool of evidence is not equally available to each party, disclosure may be warranted so that parties have access to the facts they need to litigate the case.

Two limitations to the work-product doctrine are relevant to this case. The first is subject matter waiver. Although "disclosure of some documents does not necessarily destroy the work-product protection for documents of the same or similar character," disclosure waives work-product protection of undisclosed communications when "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." *Ott v. City of*

---

[1] Plaintiffs also argue that Scheels waived any privilege by failing to assert the privilege in a timely fashion. The court is not persuaded. Scheels responded the same afternoon to plaintiffs' email requesting these communications and claimed work-product protection. *See* Dkt. 663-7, at 2-3. When the court ordered Scheels to file its privilege log concerning these communications, Scheels did so the following day. *See* Dkt. 625; Dkts. 627-29. There was no delay.

*Milwaukee*, 291 F.R.D. 151, 155 (E.D. Wis. 2013) (citing Fed. R. Evid. 502(a)). The second relevant limitation is the necessity doctrine. Materials otherwise protected by the work-product doctrine are discoverable when the requesting party "shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Both limitations to the work-product doctrine are applicable here.

Scheels intentionally disclosed the substance of its communications with Paul and Photo File to plaintiffs. In a letter to plaintiffs, Scheels noted that "Mr. Paul assured Scheels that he had proper licensing to sell [the Rodgers/Braun] print" and that "Mr. Paul believes that the [Lambeau Field] image that he sold to Scheels is a photograph he took." Dkt. 650-1, at 2, 3. And Scheels filed Paul's declaration in support of its motion for summary judgment. Dkt. 460. *See Appleton Papers Inc. v. EPA*, 702 F.3d 1018, 1025 (7th Cir. 2012) (holding that a party waived work-product protection when it cited figures from reports in briefs filed with the court). As for the Photo File communications, Scheels intentionally disclosed to plaintiffs some Photo File invoices to Scheels, a vendor agreement between Scheels and Photo File, and an email from Photo File to Scheels in response to Scheels' inquiry about the terms and conditions supposed to be on the back of the invoice. Scheels intentionally disclosed these communications and relied on them to support its licensing defense.

Fairness requires that Scheels disclose in full its communications with Paul and the remaining Photo File invoices, sales records, and related communications. Plaintiffs have a substantial need for these communications, as they relate to Scheels' affirmative defenses to plaintiffs' claims. Scheels cannot cherry-pick Paul's favorable comments while barring plaintiffs access to the remainder of Paul's relevant communications when plaintiffs cannot

otherwise access this evidence. And although Scheels says that plaintiffs now have the information necessary to obtain the invoices from Photo File, sending plaintiffs back to Photo File when Scheels already has the invoices at issue would be a make-work exercise. Scheels must disclose its emails with Paul to plaintiffs and the remaining Photo File invoices, sales records, and related communications. This includes any attachments: Even if the emails were protected from disclosure, the attachments would not be. As plaintiffs point out, materials not otherwise subject to the work-product privilege cannot be transformed into privileged documents simply by being attached to privileged communications. *See Blanchard v. EdgeMark Fin. Corp.*, 192 F.R.D. 233, 238 (N.D. Ill. 2000). Scheels has not argued that the attachments are privileged documents on their own.

      Plaintiffs also request all communications between Scheels and Fanatics, but offer no argument in support of their request. Plaintiffs do not allege that Scheels has disclosed any communications with Fanatics other than one contract. Nor do plaintiffs contend that they have a substantial need for these materials or face undue hardship in obtaining them from Fanatics. The mere fact that Scheels' communications with *other* nonparties are not protected by the work-product doctrine does not dictate that Scheels' communications with *this* nonparty are not protected by the work-product doctrine. The court will not grant plaintiffs' motion to compel Scheels to disclose its communications with Fanatics.

      Finally, plaintiffs ask the court to deny Scheels' motion for summary judgment or to stay the motion pending resolution of plaintiffs' motion to compel. Dkt. 537. Rule 56(d) allows the court to deny or defer consideration of a summary judgment motion when the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." The nonmovant has the burden of stating why they

"cannot adequately respond to the summary judgment motion without further discovery." *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014) (quoting *Deere & Co. v. Ohio Gear*, 462 F.3d 701. 706 (7th Cir. 2006)). Having found that plaintiffs are entitled to review Scheels' communications with Paul and Photo File, the court will allow plaintiffs a chance to do so before filing their response to Scheels' motion for summary judgment. But the court will not deny Scheels' motion for summary judgment, as its discovery violations do not warrant that sanction.

**B. Scheels' motion to compel plaintiffs' depositions**

Scheels, while defending itself against plaintiffs' motion to compel, has filed a motion to compel plaintiffs to attend their depositions. Dkt. 642. Scheels properly noticed the depositions. Plaintiffs object to the depositions as unreasonably burdensome, cumulative, duplicative, and unnecessary in light of Scheels' pending summary judgment motion. Failure to appear at a properly noticed deposition "is not excused on the grounds that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order." Fed. R. Civ. P. 37(d)(2). Plaintiffs have not moved for a protective order, and even if they had, the court would not have granted the motion. Plaintiffs filed suit against Scheels and many other defendants; attending multiple depositions is a natural consequence of their actions. Some of the questions will likely be redundant because of the number of defendants in this case, but Scheels has a right to conduct its own depositions. Scheels' request for deposition comes rather late in the case, but it is was made well within the discovery deadline.

The court overrules plaintiffs' objections and will grant Scheels' motion to compel plaintiffs' depositions. Obviously, these depositions will have to be taken after the discovery deadline, but they should be taken by December 9, 2016.

## C. Thomason's motions to extend deadlines

Defendant David Thomason requests a two-week extension to file his reply in support of his motion for summary judgment, citing a recent illness. Dkt. 667. Thomason was originally represented by counsel but has been proceeding pro se since August 3, 2016. *See* Dkt. 503. The court is sympathetic to Thomason's illness. But he has already missed case deadlines, and the court is unwilling to delay this case on his behalf. Dispositive motions are, for the most part, fully briefed and under consideration. The court will decide Thomason's motion for summary judgment on the basis of the submissions it has. Should Thomason submit his reply before the motion is decided, the court will consider it. Thomason should file his reply at his earliest convenience.

Thomason also requests an additional two weeks to comply with the court's November 1 order, Dkt. 639, requiring Thomason to submit to the court communications with Dan and Ciara Zimprich and with the co-defendants in this suit. Dkt. 666. Thomason again cites his recent illness. He is out of compliance with the court's order, exposing himself to a motion for sanctions. He has an obligation to search his records for all communications between himself and the Zimpriches and between himself and his co-defendants and to submit all such communications to the court immediately. He has not convinced the court that he is so ill, and that this task is so onerous, that he cannot complete it. The court will give him a new deadline of November 21, 2016, to produce these communications. Any

further delay may result in sanctions which may include the court entering default judgment against him.

**D. Martin and Miller's motion to adjourn trial**

Defendants Nicholas Martin and Gerald Miller move to adjourn trial and amend the scheduling order to postpone pretrial filing deadlines until after the disposition of the pending summary judgment motions. Plaintiffs and defendant Event USA join this motion; the other defendants are silent. *See* Dkt. 669; Dkt. 670. Once the court has resolved the pending summary judgment motions, the scope of trial will be clearer. But because discovery disputes have extended the briefing deadlines, the court's decision on these motions is delayed. In light of this, the court agrees that it would be appropriate to strike the January 23, 2017 trial date and pretrial filing deadlines. The court will conduct a telephonic scheduling conference Friday, December 2, 2016, at 10:00 a.m., when it will set a new trial date.

One final note to all: The discovery deadline in this case is November 18, 2016. That deadline remains in place. After November 18, discovery is closed except with respect to the specific actions ordered by the court in this and previous orders, or as the parties may themselves agree.

ORDER

IT IS ORDERED that:

1. Plaintiffs Scott Boehm and David Stluka's motion to compel discovery, Dkt. 511, is GRANTED in substantial part, as provided in this order.

2. Defendant Scheels All Sports, Inc., must produce its communications with John Paul and Photo File, as provided in this order, by November 21, 2016.

3. Plaintiffs may file their brief in opposition to Scheels' motion for summary judgment, Dkt. 458, by November 28, 2016. Scheels' reply brief is due by December 1, 2016.

4. Scheels' motion to compel plaintiffs' depositions, Dkt. 642, is GRANTED.

5. Defendant David Thomason's motion for an extension to file his reply brief, Dkt. 667, and motion for an extension to respond to the court's order on plaintiffs' motion to compel, Dkt. 666, are DENIED. Thomason must submit to the court all communications between himself and the Zimpriches and between himself and his co-defendants no later than November 21, 2016.

6. Defendants Nicholas Martin and Gerald Miller's motion for an extension of time to file pretrial materials and to adjourn trial, Dkt. 659, is GRANTED. The court will conduct a telephonic scheduling conference, December 2, 2016, at 10:00 a.m., to set a new trial date.

Entered November 17, 2016.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge