IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                        Plaintiffs,                                    ORDER

          v.

SCHEELS ALL SPORTS, INC., *et al.,*                            15-cv-379-jdp

                        Defendants.

---

On December 2, 2016, the court held a telephonic status conference that included a discussion of the parties' pending summary judgment motions. Defendant Scott Gonnering appeared pro se on behalf of himself and his sole proprietorship, defendant Scooter G Sports. Gonnering said that he was unaware of the motions for summary judgment, and he suggested that he had not received copies of plaintiffs' motion and associated filings. Plaintiffs' counsel, Kevin McCulloch, contended that he mailed copies of all these documents to Gonnering.

Gonnering may represent himself (and the business that he operates as his sole proprietorship), but he must nevertheless comply with the court's requirements for litigants. That means that he must respond to any motion filed by plaintiffs if he opposes the relief that plaintiffs request. Plaintiffs filed a motion for partial summary judgment, Dkt. 492, that seeks relief from many defendants, including from Gonnering and his company. Gonnering has not responded to the motion.

But plaintiffs did not file a certificate of service that shows that the motion and its associated filings were served on Gonnering. A certificate of service is unnecessary for parties who are represented by counsel because those parties will receive service through the court's electronic case filing (ECF) system. But according to the court's Electronic Filing Procedures,

plaintiffs are required to serve any party who is not an ECF "Filing User" by traditional means.[1] And the Electronic Filing Procedures require a certificate of service when service is made by traditional means.[2]

Gonnering has not responded to plaintiffs' motion, but plaintiffs did not follow the court's procedures for parties who are not ECF users. So I will order a response from both plaintiffs and Gonnering. Gonnering must submit to the court a list of all the documents that he has received from plaintiffs' counsel. Plaintiff's counsel must submit to the court documentation that Gonnering has been served with all the papers relating to plaintiff's motion for summary judgment.

---

[1] "Service on a Party Who is Not a Filing User. A Filing User may not rely on ECF for service of a non-Filing User, but must serve the document by other means in accordance with Rule 5, Fed. R. Civ. P." *Electronic Filing Procedures for the United States District Court for the Western District of Wisconsin*, 4 (Oct. 27, 2016), http://www.wiwd.uscourts.gov/sites/default/files/ AdminProcedures.pdf.

[2] "Certificate of Service. A separate certificate of service is not required for documents filed electronically on ECF and served on Filing Users by an NEF. The NEF is deemed the certificate of service for purposes of Rule 5(d)(1), Fed. R. Civ. P. A separate certificate of service is required only for documents filed with the court and served other than electronically through ECF." *Id.*

ORDER

IT IS ORDERED that:

1. Defendant Scott Gonnering submit to the court by December 7, 2016, a list of all documents that he has received from plaintiffs' counsel.

2. Kevin McCulloch submit to the court by December 7, 2016, documentation that Gonnering has been served with all the papers relating to plaintiff's motion for summary judgment.

Entered December 2, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge