IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                    Plaintiffs,

        v.                                                    ORDER

SCHEELS ALL SPORTS, INC., *et al.*,                           15-cv-379-jdp

                    Defendants.

---

Plaintiffs Scott Boehm and David Stluka moved the court to hold defendant Nicholas Martin in contempt for violating the court's preliminary injunction, Dkt. 107, and to order Martin to show cause as to why the court should not impose remedial and punitive sanctions. Dkt. 635. The court granted plaintiffs' motion in part: the court awarded attorney fees and costs to plaintiffs but denied punitive sanctions. Dkt. 668. Plaintiffs now ask the court to (1) reconsider its conclusion that plaintiffs did not prove beyond a reasonable doubt that Martin willfully violated the injunction when he posted Boehm's photo online, and (2) impose punitive sanctions. Dkt. 701.

The court has broad discretion to deny a motion for reconsideration. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). The court may grant a motion for reconsideration when the movant clearly establishes newly discovered evidence or a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Awards of sanctions are discretionary. *Connolly v. J.T. Ventures*, 851 F.2d 930, 933 (7th Cir. 1988). Here, plaintiffs present no newly discovered evidence, and the court did not err.

Plaintiffs contend that the court erred in three ways. First, plaintiffs argue that the court used the wrong standard for willfulness. The court, they argue, used the standard for

willfulness in the context of copyright infringement (which plaintiffs describe as "knowing or reckless disregard of the copyright owner's rights in the work," Dkt. 702 at 4) when it should have used the standard for willfulness in the context of a motion of sanctions for criminal contempt (which plaintiffs describe as "willful violation of a lawful, definite and specific court order." *Id.* (quoting *United States v. Kozel*, 908 F.2d 205, 208 (7th Cir. 1990))). Plaintiffs miss the point. The court declined to award punitive sanctions because "plaintiffs [had] not shown *beyond a reasonable doubt* that Martin's violation of the injunction was willful." Dkt. 668, at 2 (emphasis added). Plaintiffs had not met—and do not now meet—the burden of proof required for punitive sanctions regardless of the proper standard for willfulness. Martin contended that he mistakenly posted Boehm's photo online, and plaintiffs could not prove otherwise.

Second, plaintiffs argue that although the court used the correct standard when considering plaintiffs' request for judgment against Martin for willful infringement, it applied that standard erroneously. As discussed above, plaintiffs have not shown beyond a reasonable doubt that Martin's infringement was willful, so entering judgment against Martin as a punitive sanction is inappropriate. And the court will not allow plaintiffs to use their contempt motion as a second motion for summary judgment. Not only is a contempt motion an inappropriate vehicle to request summary judgment, but it is unnecessary in this case. Martin concedes in his summary judgment briefing that the infringing acts he performed after receiving a cease-and-desist notice from plaintiffs' counsel were willful. *See* Dkt. 557, at 12. The court will resolve the question of Martin's willful infringement through a consideration of the parties' motions for summary judgment, not as a sanction for contempt.

Finally, plaintiffs argue that the court's award of attorney fees does not fully compensate plaintiffs because it does not compensate Boehm for the violation of his copyright. As the court noted in its order, Martin's conduct will be an appropriate factor to consider when determining damages, but the court will not short-circuit the consideration of damages with this motion for sanctions.

ORDER

IT IS ORDERED that plaintiffs Scott Boehm and David Stluka's motion for reconsideration, Dkt. 701, is DENIED.

Entered December 6, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

3