IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                Plaintiffs,

v.

SCHEELS ALL SPORTS, INC., *et al.*,

                Defendants.

ORDER

15-cv-379-jdp

---

Plaintiffs Scott Boehm and David Stluka move for entry of default against non-party Scooter G Sports, LLC, and defendant AW Artworks, LLC. Dkt. 704. The clerk's office is responsible for entering default under Federal Rule of Civil Procedure 55(a) but has not done so in this case because default is inappropriate.

Rule 55(a) provides that default must be entered against a party against whom affirmative relief is sought, but who fails "to plead or otherwise defend." Scooter G Sports, LLC, is not a party to this lawsuit, and so default against it would be inappropriate. On August 7, 2015, plaintiffs named Scooter G Sports as defendant in their amended complaint. Dkt. 63, at 6. At that time, Scooter G Sports was a sole proprietorship owned by defendant Scott Gonnering. *See* Dkt. 225, at 8, and Dkt. 711. In March 2016, Gonnering converted this sole proprietorship into a limited liability company, Scooter G Sports, LLC. Dkt. 711. Plaintiffs now move for entry of default against Scooter G Sports, LLC. But they have not named Scooter G Sports, LLC, as a defendant in this action, or served that entity, so the court cannot enter default against it.

Default against AW Artworks, LLC, is also inappropriate, because the clerk already entered default against AW Artworks in September 2015, before it answered plaintiffs'

complaint. *See* Dkt. 139. So the court will deny plaintiffs' motion as to AW Artworks as moot. And even if plaintiffs' motion were not moot, entry of default (or default judgment) would not be appropriate because AW Artworks has not failed "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Although AW Artworks' counsel withdrew, Dkt. 624, and as an LLC it "cannot litigate pro se or be represented in the litigation by a nonlawyer," *1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015), its unrepresented status has not yet impeded its participation in the case. It still has a motion for summary judgment, fully briefed by its former counsel, pending. *See* Dkt. 479. And it has responded, through counsel, to plaintiffs' motion for partial summary judgment. *See* Dkt. 545. At this point, no one could say that AW Artworks has failed to otherwise defend.

## ORDER

IT IS ORDERED that plaintiffs Scott Boehm and David Stluka's motion for default, Dkt. 704, is DENIED.

Entered December 13, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge