IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                Plaintiffs,

  v.

SCOTT SVEHLA, *et al.*,

                Defendants.

ORDER

15-cv-379-jdp

---

      The court sanctioned defendant Nicolas Martin for violating the preliminary injunction in this copyright infringement case. Dkt. 668. The court ordered Martin to pay plaintiffs' reasonable actual attorney fees incurred in bringing a contempt motion against him. Plaintiffs have now submitted their application for attorney fees totaling $5,924.50. Dkt. 673. With their application for fees, plaintiffs attached an itemized invoice detailing the time that plaintiffs' attorney, Kevin McCulloch, and his team spent bringing the contempt motion, as well as their billing rates. The court finds that McCulloch has adequately supported the billing rates, but the reasonableness of the amount of time spent bringing the contempt motion deserves further inquiry.

      Martin asks the court to reduce plaintiffs' fees by at least $2,500. He makes three arguments in support of his request: (1) McCulloch emailed the itemized invoice to Martin's counsel the same afternoon he filed the fee application with the court, and so did not provide Martin a reasonable opportunity to agree to the fees award; (2) the time spent drafting the contempt motion was unnecessary because Martin had already conceded that he violated the preliminary injunction; and (3) McCulloch should have known that the court would not grant the extreme sanctions that plaintiffs requested in their contempt motion.

Although the court encouraged the parties to reach an agreement on the fees award, McCulloch's delay in sending the invoice to Martin is not a reason to reduce the fee award. Martin could have negotiated an agreed-upon fee after plaintiffs filed their application, rather than opposing the application. But the court agrees that plaintiffs' contempt motion was unnecessary. Martin stopped the infringing conduct as soon as plaintiffs notified him that he was violating the preliminary injunction. He admitted he was in contempt. Yet plaintiffs insisted on filing a contempt motion requesting, as sanctions, a punitive fine and judgment for willful copyright infringement. This court has already declined to award punitive or criminal sanctions multiple times in this case and another case in which McCulloch represents plaintiffs. *See* Dkt. 242, at 6 and Dkt. 639, at 6; *see also* Dkt. 707 (denying plaintiffs' motion for reconsideration); Opinion & Order, *Boehm v. Legends of the Field, LLC*, No. 15-cv-683 (W.D. Wis. Oct. 7, 2016), Dkt. 143, at 4-5. Plaintiffs' contempt motion wasted the court's time and needlessly drove up the costs of litigation for both parties.

The court has discretion to "reduce the award to account for the limited success" of the motion, *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983), and will do so here. Because plaintiffs obtained none of the sanctions they requested in their contempt motion—except the attorney fees and costs now at issue—the court will reduce McCulloch's fees by three-quarters, bringing the total fees to $1,481.12. The court finds that this amount is reasonable.

ORDER

IT IS ORDERED that:

1. Plaintiffs Scott Boehm and David Stluka's motion for attorney fees, Dkt. 673, is GRANTED in part.

2. Plaintiffs are awarded their reasonable attorney fees against defendant Nicolas Martin in the amount of $1,481.12.

Entered January 31, 2017.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge