IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                Plaintiffs,

v.

NICHOLAS MARTIN, *et al.*,

                Defendants.

OPINION & ORDER

15-cv-379-jdp

---

On September 27, 2017, the court issued an order on the parties' cross-motions for summary judgment, concluding that claim preclusion bars any claim of infringement against the Zimprich joint tortfeasors based on infringing copies made before January 16, 2015. *See* Dkt. 727. In the wake of that order, the parties have filed several motions. The court will address each in turn.

**A. Plaintiffs' motion for reconsideration**

Plaintiffs move for reconsideration of the September 27 order. Dkt. 744. They contend that the court erred in its application of claim preclusion to their claims. They move under Federal Rules of Civil Procedure 54(b) and 60(b). The court will grant a motion under Rule 54(b) only when necessary "to correct manifest errors of law or fact or to present newly discovered evidence." *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). Rule 54(b) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* at 828 (quoting *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010)). Rule 60(b) provides for relief from "a final

judgment, order, or proceeding" on many grounds, including mistake and "any other reason that justifies relief." "[R]elief under Rule 60(b) is proper only under extraordinary circumstances." *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013).

Plaintiffs challenge three aspects of the court's decision on the application of claim preclusion. Each of plaintiffs' contentions could and should have been presented to the court at summary judgment; plaintiffs offer no excuse for not doing so. The court will deny plaintiffs' motion for this reason. And even if plaintiffs had advanced these contentions at summary judgment, they wouldn't have succeeded for reasons briefly addressed below.

Plaintiffs contend that the court erred in concluding that plaintiffs could have brought claims against the joint-tortfeasor defendants in *Boehm I*. They could not have done so, they argue, because "the Zimpriches failed to disclose the identity of any downstream resellers until after *Boehm I* was dismissed." Dkt. 745, at 5. A copyright claim accrues when the injured party discovers, or reasonably should have discovered, the infringement. *See Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004). Even if plaintiffs did not discover the Zimprich joint tortfeasors' infringement until after *Boehm I* was dismissed, they have not shown that they couldn't reasonably have done so. They say that the Zimpriches "committed intentional and egregious discovery abuses," Dkt. 745, at 6, but they offer no evidence to support this assertion, and they never moved to compel the Zimpriches' discovery responses in *Boehm I*.

Plaintiffs also contend that the court erred in concluding that the joint-tortfeasor defendants were in privity with the Zimpriches. They argue that the Zimpriches' interests weren't aligned with the joint tortfeasors' because the joint tortfeasors would have sought indemnification from the Zimpriches. But that's exactly why the joint tortfeasors are in privity with the Zimpriches. By resolving all claims against the joint tortfeasors in the settlement

2

agreement, the Zimpriches ensured that they would not be liable to the joint tortfeasors in the future. The fact that the joint tortfeasors have not sought indemnification from the Zimpriches only indicates that the Zimpriches' plan worked.

Finally, plaintiffs contend that the court erred in concluding that the continued display, sale, or distribution of previously made copies is not a new wrong giving rise to new claims post-dating the *Boehm I* judgment. They cite a handful of Seventh Circuit cases that, they argue, hold "that *res judicata* does not apply in situations of continued wrongful acts," Dkt. 745, at 7, and proffer policy arguments in support. The issue where one infringement ends and another begins for purposes of claim preclusion has not been resolved by the Seventh Circuit. The court carefully considered the issue and relevant case law and drew the line at copies made after the *Boehm I* judgment. Even if plaintiffs had included these new citations and policy arguments in their summary judgment briefing, the court's conclusion would remain the same.

## B. Plaintiffs' Rule 56(f) response

In its September 27 order, the court identified several issues to resolve before trial through judgment independent of the motion under Rule 56(f). It also ordered plaintiffs to "identify by defendant and image each viable infringement claim that they intend to take to trial" and notified plaintiffs that they "may proceed on only those claims at trial." Dkt. 727, at 40. Plaintiffs have responded. Dkt. 736. The court will address each issue in turn.

The first issue is Gonnering's, Wredberg's, and Wein's infringement of photos for which plaintiffs have adduced only vague descriptions of sports photos in these defendants' emails. In the September 27 order, the court explained, "The written descriptions of some of these photos *could* refer to plaintiffs' photos (e.g., one email asks for "2 clay matthews framed pics," and Boehm owns copyright in a photo of Clay Matthews), but they could also refer to other

3

photos in which plaintiffs do not own copyright." Dkt. 727, at 28–29. In response, plaintiffs adduce evidence that they claim shows infringement by Wein: (1) Wein previously worked for Legends, where he handled the printing of canvases and other products; (2) Wein downloaded photos from Getty; and (3) Wein distributed photos to Waukesha Sportscards, which was in partnership with the Zimpriches and Gameday Sports. But none of this evidence shows that Wein actually infringed plaintiffs' copyright. Wein's association with people who have infringed plaintiffs' copyright is not evidence that Wein infringed plaintiffs' copyright. As for Gonnering and Wredberg, plaintiffs concede that they have no additional evidence of infringement. They argue that judgment independent of the motion is nonetheless improper because "absolute certainty is not required at the summary judgment stage." Dkt. 736 at 2. That's true—what's required is an evidentiary showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995) (quoting *Tatalovich v. City of Superior*, 904 F.2d 1135, 1139 (7th Cir. 1990)). Plaintiffs have the burden of proving infringement at trial, and they have not adduced evidence to establish infringement of the photos that they claim are referred to in emails sent by Wein, Gonnering, and Wredberg. So the court will enter judgment in those defendants' favor on this issue. Because plaintiffs do not identify any claim against Wein other than ones based on the email descriptions, the court will dismiss Wein and his business, Beyond Studio Publishing LLC, from the case.

The second issue is Gonnering's willfulness. In the September 27 order, the court explained, "Plaintiffs argue that Gonnering was willfully blind to the infringing nature of photos he bought from Wein because he did not question Wein about the legitimacy of the photos. But this amounts to negligence at most, and plaintiffs have not shown that any of the photos

4

Gonnering requested from Wein were actually infringing. The mere fact that Gonnering is in the sports memorabilia business does not, without more, allow for a finding of willfulness." Dkt. 727, at 29. In response, plaintiffs cite several cases that they argue show that "such recklessness *is* evidence of willfulness in the copyright context." Dkt. 736, at 4. The court is confident in its conclusion that Gonnering's failure to question Wein about the legitimacy of photos that may not have been infringing is not evidence of willful infringement. The court invited plaintiffs to show "through citation to the record that there is a genuine dispute of material fact" precluding summary judgment on the issue of Gonnering's willfulness, not to make legal arguments. Dkt. 727, at 40. Plaintiffs have not adduced any evidence of Gonnering's willfulness, so the court will enter judgment independent of the motion in Gonnering's favor on this issue.

The third issue is Thomason's infringement of the White/Favre photo. In the September 27 order, the court explained, "Plaintiffs submit evidence that Thomason possessed the White/Favre photo, but they do not present any evidence that Thomason sold, distributed, displayed, or otherwise infringed on plaintiffs' copyright in the White/Favre Photo." Dkt. 727, at 35. In response, plaintiffs adduce Thomason's photo of Brett Favre signing a copy of the White/Favre photo, Dkt. 498-85, at 14, and a "Top Products" list from Thomason that includes a product labeled "Brett Favre & Reggie White." Dkt. 498-75, at 4. The "Top Products" list indicates that it is "Sorted by Qty Sold," and the "Brett Favre & Reggie White" product is listed 128 out of 319. *Id.* at 1, 4. A reasonable juror could conclude that the "Brett Favre & Reggie White" product featured the White/Favre photo and that Thomason sold it, or at least publicly displayed it while offering it for sale. So the court will not grant judgment in Thomason's favor on this claim of infringement, and it will proceed to trial.

Finally, plaintiffs list the infringement claims that they intend to bring to trial. *See* Dkts. 736-1 through 736-5. The court accepts these lists with the understanding that plaintiffs may not proceed to trial on claims on which the court is entering judgment under Rule 56(f). One final comment on this point. Plaintiffs indicate that they intend to bring infringement claims against Thomason concerning three photos of A.J. Hawk and three photos of Jay Cutler. *See* Dkt. 736-4. Neither party moved for summary judgment on claims concerning these photos, so it's unclear what evidence plaintiffs have to support them. But one of plaintiffs' earlier filings lists Thomason's "Top Products" list as evidence of infringement—specifically, the description "AJ Hawk Action Photo" is adduced as evidence of infringement of three different Hawk photos and the description "Jay Cutler Ready to Pass ... 16x20" is adduced as evidence of infringement of three different Cutler photos. Dkt. 494-13, at 2, 3. If these product names are the *only* evidence of infringement of these six photos, these claims suffer from the same evidentiary deficiencies as the claims based on email descriptions discussed above, and plaintiffs should not waste time by bringing them to trial.

**C. Martin and Miller's motion to amend**

Defendants Nicholas Martin and Gerald Miller move the court to amend its summary judgment order under Rules 52(b) and 59(e). Dkt. 729. A motion under Rule 59(e), just like one under Rule 54(b), "will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Harford Life & Accident Ins. Co.*, 698 F.2d 587, 598 (7th Cir. 2012)).

Here, Martin and Miller contend that the court committed errors of law and fact. First, they contend that because the court granted their summary judgment motion, it should dismiss

them from the case. They point to evidence they submitted in support of their summary judgment motion. First, they adduce Miller's declaration, in which Miller indicated that "[a]ll of the merchandise that [he] purchased for resale that [is] the subject of the plaintiffs' claims of copyright infringement [he] purchased prior to January 9, 2015 from On 2 The Field," the Zimpriches' business. Dkt. 477, ¶ 4. Second, they adduce Martin's declaration, in which Martin indicated that ""[a]ll of the merchandise that [he] purchased for resale that [is] the subject of the plaintiffs' claims of copyright infringement [he] purchased prior to January 9, 2015 from" Miller. Dkt. 476, ¶ 2. Plaintiffs challenged these declarations as "self-serving," but as the court explained in its summary judgment order, that objection is frivolous. Dkt. 727, at 2. But plaintiffs point out in their motion for reconsideration that there is an act of infringement at issue in this suit that does not concern merchandise purchased for resale; specifically, Martin previously admitted "that he copied Boehm's photograph of Soldier Field from another website and posted it as a full-screen background on a page of his website." Dkt. 668, at 1. Because this act violated the court's preliminary injunction, plaintiffs moved for sanctions. Dkt. 635. The court awarded attorney fees and costs but declined to enter judgment of willful copyright infringement against Martin, explaining, "There is no dispute that Martin infringed Boehm's copyright in this image, but whether he did so willfully is an open question. . . . Plaintiffs are not entitled to judgment that Martin willfully infringed this image, although his conduct will be an appropriate factor to consider if the court is asked to set damages." Dkt. 668, at 3. Neither party moved for summary judgment on this act of infringement. And plaintiffs do not list this photo as one that they intend to bring to trial; indeed they do not list *any* claims against Martin and Miller that they intend to take to trial. Because plaintiffs indicate

7

that they are not pursuing any claims against Martin and Miller, the court will dismiss them from the case.

Second, Martin and Miller contend that the court made a factual error in its summary judgment opinion by characterizing the Soldier Field photo as belonging to plaintiffs. They point to several references to "a Soldier Field photograph" in plaintiffs' summary judgment materials and argue that plaintiffs failed to identify the photo as one in which either plaintiff has a copyright interest. But elsewhere, plaintiffs identify a Soldier Field photo as belonging to Boehm. Most significantly, they proposed the following finding of fact:

> On October 6, 2015, Martin submitted an amended status report stating that he had in his possession seven (7) items featuring Plaintiffs' photographs: one stretched canvas image of Clay Matthews, five plaques featuring *Plaintiff Boehm's photo of Soldier Field*, and one stretched canvases of the *same image of Soldier Field*.

Dkt. 565, ¶ 154 (emphasis added). Martin and Miller did not dispute that fact. *Id.* The very next proposed fact stated:

> The Zimpriches printed copies of a Soldier Field photograph that they had received from Miller, which were then sold and/or distributed to Defendants Martin and Svehla.

*Id.* ¶ 155. Martin and Miller disputed this fact, contending that they had not provided *any* Soldier Field photo to the Zimpriches. *Id.* They never argued that they provided a Soldier Field photo but that it wasn't Boehm's photo. Certainly, plaintiffs could have been more precise. But Martin and Miller could have advanced this argument in their summary judgment briefing. They did not. The court correctly drew all favorable inferences from the facts in plaintiffs' favor when deciding Martin and Miller's summary judgment motion; it was a fair inference from the undisputed facts that Miller gave Boehm's Soldier Field photo to the Zimpriches. The court

8

declines to amend its summary judgment order regarding the Soldier Field photo. Regardless, Martin and Miller are still dismissed from the case.

**D. Svehla and SBC's motion for attorney fees**

In its September 27 order, the court granted summary judgment in favor of defendants Scott Svehla and Scott's Brewery Collectibles, LLC, and dismissed them from the case. Svehla and SBC now move for an award of attorney fees and costs and for an order holding plaintiffs' counsel jointly and severally liable for some of the award. Dkt. 733.

   **1. Grounds for attorney fees**

The Copyright Act allows district courts to "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. District courts have broad discretion to award fees under several guiding principles. *See Moffat v. Acad. of Geriatric Physical Therapy*, No. 15-cv-626, 2017 WL 4217174, at *1–2 (W.D. Wis. Sept. 20, 2017). "First, the court cannot grant 'attorney fees as a matter of course, [but] must make a more particularized, case-by-case assessment.'" *Id.* (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016)). "Second, the court 'may not treat prevailing plaintiffs and prevailing defendants any differently.'" *Id.* (quoting *Kirtsaeng*, 136 S. Ct. at 1985). The district court should consider "the totality of the circumstances," including the following factors: "(1) frivolousness of claims or defenses; (2) motivation of the parties; (3) objective unreasonableness; and (4) 'the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Kirtsaeng*, 136 S. Ct. at 1985).

In addition, the Seventh Circuit instructs district courts to consider "the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Id.* at *2 (quoting *Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 791 (7th Cir. 2014)). "If the case

was a toss-up and the prevailing party obtained generous damages, or injunctive relief of substantial monetary value, there is no urgent need to add an award of attorneys' fees." *Klinger*, 761 F.3d at 791. But if "the claim or defense was frivolous and the prevailing party obtained no relief at all, the case for awarding attorneys' fees is compelling." *Id.* "A prevailing defendant, who by definition does not obtain monetary relief, is 'entitled to a "very strong" presumption in favor of receiving attorney fees.'" *Moffat*, 2017 WL 4217174, at *2 (quoting *Klinger*, 761 F.3d at 791).

Here, Svehla and SBC make no monetary recovery, so they are entitled to a presumption that they should recover their fees. But this presumption is not dispositive. *Id.* This case presents a unique situation in which plaintiffs' infringement claims against SBC were far from frivolous; SBC admitted to infringing plaintiffs' copyrights in four photos. SBC avoided liability only because plaintiffs' claims were precluded by *Boehm I*. The claim preclusion issue was not a toss-up, but it was far from a slam-dunk defense. And as plaintiffs point out, Svehla and SBC did not articulate the claim preclusion defense at summary judgment, relying instead on related defenses of release and full compensation. Svehla and SBC's successful defense actually depended in large part on their co-defendants' claim preclusion arguments. On the other hand, plaintiffs did not submit evidence of SBC's willfulness or Svehla's personal liability sufficient to withstand summary judgment, so if plaintiffs' claims had not been precluded, their recovery would have been limited to the non-willful infringement of four works, providing for statutory damages of no more than $120,000. *See* 17 U.S.C. § 504(c). As for plaintiffs' litigation conduct, the court has previously noted plaintiffs' proclivity to waste the court's time and needlessly drive up the costs of litigation for the parties. *See* Dkt. 724, at 2. Plaintiffs' litigation tactics have resulted in a web of litigation spanning six cases, dozens of

defendants, and many thousands of pages in briefing. Plaintiffs' refusal to narrow in on those claims for which they have evidentiary support has needlessly drawn out litigation and driven up costs for Svehla and SBC. In sum, the fact that SBC avoided liability only because the Zimpriches had negotiated a broad release of claims and their co-defendants articulated a successful defense based on those claims militates against awarding fees, but the fact that plaintiffs' litigation conduct forced SBC and Svehla to defend other claims that lacked an evidentiary basis militates in favor of an award. So the court will award Svehla and SBC only part of their attorney fees.

Plaintiffs contend that regardless of the factors discussed above, an award of fees would not be faithful to the purpose of the Copyright Act. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n.19 ("[F]actors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act . . . ."). As plaintiffs acknowledge, the ultimate purpose of the Copyright Act is to enrich "the general public through access to creative works." *Kirtsaeng*, 136 S. Ct. at 1986 (quoting *Fogerty*, 510 U.S. at 527). Plaintiffs argue that awarding attorney fees to Svehla and SBC would "allow[] businesses to profit from the commercial exploitation of copyrighted works without rewarding the authors for their creations while also penalizing them for filing suit." Dkt. 741, at 14. But that mischaracterizes the outcome of this suit. Application of claim preclusion here acknowledges that plaintiffs *have* been rewarded for their creations. (If plaintiffs haven't been given the reward they were promised, the answer is a suit for breach of contract—which they have brought—not successive infringement claims.) And an award of fees here serves to encourage "*useful* copyright litigation" while discouraging unreasonable litigation, results that "promote the Copyright Act's purposes, by enhancing the

probability that both creators and users (i.e., potential plaintiffs and defendants) will enjoy the substantive rights the statute provides." *Kirtsaeng*, 136 S. Ct. at 1986–87 (emphasis added).

### 2. Amount of attorney fees

Next, the court must determine the amount of fees. The court uses a lodestar method to determine a reasonable fee, "in which the court considers whether the attorney's hourly rate and the hours spent are reasonable." *Moffat*, 2017 WL 4217174, at *5. Svehla and SBC seek a total of $85,506 in fees for the 180.75 hours that their attorneys and summer associate spent working on this case and 20.2 hours of paralegal time. The hourly rates charged for this work were between $140 and $520. Plaintiffs do not dispute the reasonableness of these rates, and because they are the actual billing rates, they are presumptively reasonable. *See Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011).

As for the reasonableness of the hours that Svehla and SBC's attorneys billed, the court must determine "the number of hours reasonably expended," *id.* at 639, which does not include hours that were "excessive, duplicative, or unnecessary" or hours than an attorney would not normally bill to a paying client. *Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004). Here, Svehla and SBC's attorneys *did* bill all of their hours to Svehla and SBC. *See* Dkt. 735, ¶ 9 (indicating that counsel billed Svehla and SBC for all work except that performed in September 2017, which presumably would be billed in October). Plaintiffs argue that the majority of these hours were spent in discovery or on Svehla and SBC's motion for summary judgment and so were "a result of [Svehla and SBC's] *own* litigation strategy." Dkt. 741, at 16. This argument is a non-starter. Engaging in discovery and filing a successful motion for summary judgment are reasonable tasks for defense counsel. The court will not reduce the hours billed for this reason.

Plaintiffs also complain that Svehla and SBC's attorneys "block billed," that is, that their billing records included entries with "vague and improperly grouped-together tasks." *Id.* at 17. Block billing, while disfavored, is not in itself a reason to reduce the hours billed; rather, it is when block billing "makes it impossible for the court to determine what share of each tainted block of time is actually compensable" that attorney fees may be reduced by the block-billed hours. *BB Syndication Servs., Inc. v. First Am. Title Ins. Co.*, No. 10-cv-195, 2013 WL 11322617, at *3 (W.D. Wis. July 1, 2013). Plaintiffs do not argue that the billing entries contain any potentially non-compensable time. The hours that Svehla and SBC's attorneys billed were reasonably expended, so the court will not reduce them.

But as explained above, the unique circumstances of this case, in which SBC avoided liability despite indisputably infringing plaintiffs' copyrights but was forced to defend itself and Svehla on several other baseless grounds, call for only a partial award of attorney fees. So the court will hold plaintiffs responsible for $28,502, one third of the total amount billed to Svehla and SBC in this case.

### 3. Sanctions under 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, counsel "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The standard under § 1927 is "objective bad faith": sanctions are appropriate when counsel "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016).

Svehla and SBC contend that plaintiffs' counsel should be sanctioned because he was the driving force behind plaintiffs' litigation conduct. As discussed above, that litigation

conduct has been wasteful. Plaintiffs' counsel chose to pursue claims of willfulness and personal liability that lacked evidentiary support. But pursuing the infringement claims at the heart of this suit was not objectively unreasonable. Keeping in mind the Seventh Circuit's instruction to impose sanctions under § 1927 "sparingly," *Hartmax Corp. v. Abboud*, 36 F.3d 862, 867 (7th Cir. 2003), the court declines to sanction plaintiffs' counsel under § 1927. But let this serve as a strong warning to counsel to stop pursuing claims without evidentiary support and raising arguments that the court has already rejected.

ORDER

IT IS ORDERED that:

1. Plaintiffs Scott Boehm and David Stluka's motion for reconsideration, Dkt. 744, is DENIED.

2. Defendants Nicholas Martin and Gerald Miller's motion to amend the court's summary judgment order, Dkt. 729, is GRANTED in part.

3. In light of plaintiffs' Rule 56(f) response, Dkt. 736, defendants Luke Wein, Beyond Studio Publishing LLC, Nicholas Martin, and Gerald Miller are DISMISSED from the case.

4. Defendants Scott Svehla and Scott's Brewery Collectibles, LLC's motion for attorney fees, Dkt. 733, is GRANTED in part. Svehla and Scott's Brewery Collectibles, LLC, are entitled to attorney fees in the amount of $28,502.

5. Defendants Scott Svehla and Scott's Brewery Collectibles, LLC's motion for leave to file a reply, Dkt. 747, is DENIED as moot.

Entered November 8, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge