IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                         Plaintiffs,

v.

SCOTT GONNERING, *et al.*,

                        Defendants.

OPINION & ORDER

15-cv-379-jdp

---

On September 27, 2017, the court issued an order on the parties' cross-motions for summary judgment, concluding that claim preclusion bars any claim of infringement against the Zimprich joint tortfeasors based on infringing copies made before January 16, 2015. Dkt. 727. In a November 8 order, the court granted in part defendants Nicholas Martin and Gerald Miller's motion to amend the September 27 order and dismissed them from the case. Dkt. 754. Now plaintiffs Scott Boehm and David Stluka move for reconsideration of that order, Dkt. 769; Martin and Miller move for attorney fees and costs, Dkt. 761. The court will grant plaintiffs' motion and grant Martin and Miller's motion in part.

A. **Plaintiffs' motion for reconsideration**

In its September 27 order, the court granted Martin and Miller's summary judgment motion (among others) and instructed plaintiffs to "identify by defendant and image each viable infringement claim that they intend to take to trial" and notified plaintiffs that they "may proceed on only those claims at trial." Dkt. 727, at 40. Plaintiffs did so. *See* Dkts. 736-1 through 736-5. They did not list any claims against Martin or Miller. Around the same time, Martin and Miller asked the court to amend its September 27 order. Dkt. 729. They contended that because the court granted summary judgment in their favor, it should dismiss them from

the case. In its November 8 order, the court explained that neither side moved for summary judgment on one act of infringement by Martin: copying Boehm's photograph of Soldier Field and reposting it on a website. Dkt. 754, at 7. Martin admitted to this infringing act, and as a result, the court held him in contempt for violating the preliminary injunction. *See* Dkt. 668, at 1. Under the law of the case articulated in the court's September 27 order, an infringement claim based on this act remained viable, so dismissing Martin from the case at that point would have been inappropriate. But because plaintiffs did "not list this photo as one that they intend to bring to trial [and did] not list *any* claims against Martin and Miller that they intend to take to trial," the court dismissed Martin and Miller from the case on November 8. Dkt. 754, at 8.

Now, plaintiffs ask the court to reconsider. They move under Federal Rules of Civil Procedure 60(b), which provides for relief from "a final judgment, order, or proceeding" on many grounds, including mistake, excusable neglect, and "any other reason that justifies relief." "[R]elief under Rule 60(b) is proper only under extraordinary circumstances." *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013).

Plaintiffs acknowledge that they failed to indicate that they intend to take to trial a claim against Martin concerning the Soldier Field image, but they contend that their failure was a mistake: they read the court's September 27 order as barring this claim. *See* Dkt. 769, at 2 (citing Dkt. 727, at 26 ("So claim preclusion bars plaintiffs' claim concerning the Soldier Field image and the court will grant summary judgment in Miller's favor on this claim.")). Without getting into the weeds, the September 27 order did not bar this claim, but plaintiffs' interpretation qualifies as excusable neglect. So the court will grant plaintiffs' motion and reinstate Martin as a defendant in this lawsuit. Plaintiffs may proceed to trial on one claim

against Martin concerning the 2016 copying and public displaying of Boehm's Solider Field image.

**B. Martin and Miller's motion for attorney fees**

Martin and Miller now move for an award of attorney fees and costs. Dkt. 761.

**1. Grounds for attorney fees**

As the court explained in its November 8 order, the Copyright Act allows district courts to "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Because the court will grant plaintiffs' motion for reconsideration, Martin has not prevailed and cannot collect attorney fees. (At least, not yet.) But the court will award fees to Miller for the same reasons it awarded fees to Scott Svehla and Scott's Brewery Collectibles, LLC (SBC). *See* Dkt. 754, at 9–12. Just like SBC, Miller admitted to infringing plaintiffs' copyrights in several photos and avoided liability only because plaintiffs' claims were precluded by *Boehm I*, so a partial award of fees is appropriate.

**2. Amount of attorney fees**

As the court explained in its November 8 order, it considers whether the attorney's hourly rate and the hours spent are reasonable when determining the amount of fees to award. *See* Dkt. 754, at 12. Miller seeks a total of $14,802.50 in fees for the 35.1 hours that his attorney spent working on this case. The hourly rates charged for this work were between $405 and $440. Plaintiffs do not dispute the reasonableness of these rates, and because they are the actual billing rates, they are presumptively reasonable. Likewise, plaintiffs do not dispute the reasonableness of the number of hours billed. Miller's attorney actually billed these hours to Miller. The court has reviewed the billing records, and these hours were reasonably expended.

But just as with Svehla and SBC, the unique circumstances of this case call for only a partial award of attorney fees. The court awarded Svehla and SBC only one third of their total fees. Here, because Miller, unlike Svehla and SBC, raised the claim preclusion defense at summary judgment, the court will hold plaintiffs responsible for $7,401.25, one half of the total amount billed to Miller in this case.

ORDER

IT IS ORDERED that:

1. Plaintiffs Scott Boehm and David Stluka's motion for reconsideration, Dkt. 769, is GRANTED. The court's November 8, 2017 order, Dkt. 754, is AMENDED as follows: defendant Nicholas Martin is not dismissed from the case.

2. Defendants Nicholas Martin and Gerald Miller's motion for attorney fees, Dkt. 761, is GRANTED in part. Miller is entitled to attorney fees in the amount of $7,401.25.

Entered January 26, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge